IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHER DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, as subrogee of PATRICK INDUSTRIES,<br><br>        Plaintiff,<br><br>  vs.<br><br>JAYCO, INC., an Indiana corporation, MORRYDE INTERNATIONAL, INC., an Indiana corporation, and THE SHYFT GROUP USA, INC., d/b/a/ SPARTAN RV CHASSIS, a Michigan corporation,<br><br>        Defendants. | **TRIAL BY JURY DEMANDED** |

## COMPLAINT AT LAW

NOW COMES PLAINTIFF, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, (hereinafter "TRAVELERS"), as subrogee of PATRICK INDUSTRIES, by and through its attorneys, Clausen Miller P.C., and for its Complaint against Defendants, states as follows:

## NATURE OF THE ACTION

This is a Complaint for money damages arising from a claim made by PATRICK INDUSTRIES for damage to property arising from a fire which occurred at its facility. The claim arising from the fire damage was paid for by TRAVELERS, PATRICK INDUSTRIES' insurer. This lawsuit is a subrogation action to recover the amount paid from JAYCO, INC., an Indiana corporation, MORRYDE INTERNATIONAL, INC., an Indiana corporation, and THE SHYFT GROUP USA, INC., d/b/a SPARTAN RV CHASSIS, a Michigan corporation.

## THE PARTIES

1. Plaintiff, TRAVELERS, is a corporation organized in the State of Connecticut and authorized to do business in the State of Indiana.

8781895.1

2. Defendant JAYCO, INC., an Indiana corporation ("JAYCO"), is a corporation organized in the State of Indiana, with its principal place of business located in Elkhart County, Indiana.

3. Defendant MORRYDE INTERNATIONAL INC., an Indiana corporation ("MORRYDE"), is a corporation organized in the State of Indiana, with its principal place of business located in Elkhart County, Indiana.

4. Defendant THE SHYFT GROUP USA, INC., d/b/a/ SPARTAN RV CHASSIS, a Michigan corporation ("SPARTAN RV"), is a corporation organized in the State of Indiana, with its principal place of business located in the State of Michigan.

## GENERAL ALLEGATIONS

5. At all times relevant, Defendant JAYCO was doing business in Elkhart County, Indiana.

6. At all times relevant, Defendant MORRYDE was doing business in Elkhart County, Indiana.

7. At all times relevant, Defendant SPARTAN RV was doing business in Elkhart County, Indiana.

8. At all times relevant, Plaintiff TRAVELERS provided insurance coverage to PATRICK INDUSTRIES pursuant to a policy of insurance, Policy No. CMB-8L816829 (the "Policy"), covering damage to PATRICK INDUSTRIES' property.

## JURISDICTION

9. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the Plaintiff and Defendants, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

10.

## VENUE

11. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) and (2) because Defendants JAYCO and MORRYDE are residents of this judicial district and a substantial part of the events giving rise to this claim occurred in this judicial district.

## FACTS

12. TRAVELERS' insured, PATRICK INDUSTRIES, is a business involved in the painting of RVs at its facility located at 5305 Beck Drive, Elkhart, IN 46516 (the "Facility").

13. As part of its contract with JAYCO, PATRICK INDUSTRIES painted RVs owned by JAYCO.

14. That the RVs owned by JAYCO also contained parts and/or cables which were owned, designed, manufactured, and installed by MORRYDE and SPARTAN RV.

15. That in order to paint the JAYCO RVs, PATRICK INDUSTRIES owned and maintained paint booths located within the facility.

16. On March 19, 2021, a fire occurred at the facility. The fire started within a JAYCO RV that was inside a paint booth located in the northeast corner of the Facility.

17. In the minutes leading up to the fire, two PATRICK INDUSTRIES employees were painting an RV owned by JAYCO in the subject paint booth.

18. When the two PATRICK INDUSTRIES employees noticed the fire, they attempted to put it out with fire extinguishers.

19. The fire eventually spread, causing significant damage to the facility, the paint booth, and the RV in the paint booth. The local fire department was called and eventually extinguished the fire. As a result of the Fire and the subsequent firefighting activities, additional portions of the Facility also suffered smoke and water damage.

8781895.1

20. The fire department determined that the fire started at the rear of the JAYCO RV, in or near the engine compartment.

21. The fire caused significant damage to PATRICK INDUSTRIES and property owned by it.

22. PATRICK INDUSTRIES submitted a claim to TRAVELERS under the Policy.

23. Pursuant to the Policy, Travelers adjusted the claim and paid $1,046,477.59 to PATRICK INDUSTRIES to compensate PATRICK INDUSTRIES for the damages caused by the Fire.

24. Plaintiff TRAVELERS, by way of subrogation, is now the legal and equitable subrogee of PATRICK INDUSTRIES and is entitled to recover the amount it paid to PATRICK INDUSTRIES relating to the damage caused by the fire.

25. TRAVELERS now seeks to recover in this action the monies it paid out under the Policy relating to this claim.

## COUNT I - NEGLIGENCE
## (JAYCO)

26. TRAVELERS restates and re-alleges the allegations set forth above.

27. PATRICK INDUSTRIES contracted with JAYCO for purposes of supplying paint services to JAYCO's recreational vehicles.

28. At all times relevant, JAYCO, its contractors, sub-contractors, agents, representatives, and employees, had the obligation to exercise reasonable care, and to comply with the existing standards of care in their preparation, design, research, development, manufacture, inspection, labeling, marketing, and sale of the recreational vehicles which would be painted by PATRICK INDUSTRIES.

29. At all times relevant, Defendant JAYCO, its contractors, sub-contractors, agents, representatives, and employees had a duty to warn PATRICK INDUSTRIES of the issues, risks, and dangers of the recreational vehicles which would be painted by PATRICK INDUSTRIES.

30. That based on what Defendant JAYCO, its contractors, sub-contractors, agents, representatives, and employees knew or reasonably should have known, the recreational vehicles were unreasonably dangerous and defective when they arrived at the Facility to be painted by PATRICK INDUSTRIES.

31. That based on what Defendant JAYCO, its contractors, sub-contractors, agents, representatives, and employees knew or reasonably should have known, Defendant JAYCO, its contractors, sub-contractors, agents, representatives, and employees deviated from principles of due care, deviated from the standard of care, and were otherwise negligent and careless in one or more of the following ways:

   a. In failing to conduct appropriate testing and studies necessary to determine that the use of the recreational vehicles was dangerous;

   b. In failing to instruct or warn PATRICK INDUSTRIES, its employees, and other similar entities that the safety of the recreational vehicle had not been established for its intended use;

   c. In failing to proceed with due care and in accordance with standards and customs prevailing in its industry with respect to the design, engineering, manufacturing, construction, and start-up of the recreational vehicles to be painted by PATRICK INDUSTRIES; and

   d. In failing to design, engineer, manufacture, or construct the recreational vehicles in such a way so as not to pose a fire hazard to any and all users of said recreational vehicles, including PATRICK INDUSTRIES and its employees.

32. That the design, engineering, manufacturing, and/or construction defects alleged above were a substantial contributing cause of the fire and resulting property damage suffered by PATRICK INDUSTRIES.

8781895.1

33. That the property damage suffered by PATRICK INDUSTRIES was a reasonably foreseeable result of Defendant JAYCO, its contractors, sub-contractors, agents, representatives, or employees' negligence.

34. As a direct and proximate result of Defendant JAYCO, its contractors, sub-contractors, agents, representatives, and employees' negligence, PATRICK INDUSTRIES suffered a loss in the amount of $1,046,477.59 in damages caused by the fire.

35. TRAVELERS, as subrogee of PATRICK INDUSTRIES, is entitled to recover the amount it paid to PATRICK INDUSTRIES due to Defendant JAYCO's negligence.

WHEREFORE, Plaintiff TRAVELERS prays that this Court enter judgment in its favor for its damages, with any pre-filing, pre-judgment and post-judgment interest, and all costs and fees as allowed by law.

### Count II - NEGLIGENCE
### (MORryde)

36. TRAVELERS restates and re-alleges the allegations set forth above.

37. The RVs owned by JAYCO and painted by PATRICK INDUSTRIES contained suspension systems and/or other custom products manufactured by Defendant MORRYDE.

38. At all times relevant, MORRYDE, its contractors, sub-contractors, agents, representatives, and employees, had the obligation to exercise reasonable care, and to comply with the existing standards of care in their preparation, design, research, development, manufacture, inspection, labeling, marketing, and sale of the suspension system and/or other custom products contained within the RVs owned by JAYCO.

39. At all times relevant, Defendant MORRYDE, its contractors, sub-contractors, agents, representatives, and employees had a duty to warn PATRICK INDUSTRIES of the issues, risks, and dangers of the suspension system and/or other custom products contained within the recreational vehicles owned by JAYCO which would be painted by PATRICK INDUSTRIES.

6

8781895.1

40. That based on what Defendant MORRYDE, its contractors, sub-contractors, agents, representatives, and employees knew or reasonably should have known, the suspension system and/or other custom products contained within the recreational vehicles owned by JAYCO were unreasonably dangerous and defective when they arrived at the Facility to be painted by PATRICK INDUSTRIES.

41. That based on what Defendant MORRYDE, its contractors, sub-contractors, agents, representatives, and employees knew or reasonably should have known, Defendant MORRYDE, its contractors, sub-contractors, agents, representatives, and employees deviated from principles of due care, deviated from the standard of care, and were otherwise negligent and careless in one or more of the following ways:

   a. In failing to conduct appropriate testing and studies necessary to determine that the suspension system and/or other custom products within the RVs owned by JAYCO were dangerous;

   b. In failing to instruct or warn PATRICK INDUSTRIES, its employees, and other similar entities that the safety of the suspension system and/or other custom products contained within the RVs owned by JAYCO had not been established for its intended use;

   c. In failing to proceed with due care and in accordance with standards and customs prevailing in its industry with respect to the design, engineering, manufacturing, construction, and installation of the suspension system and/or other custom products contained within the RVs owned by JAYCO and to be painted by PATRICK INDUSTRIES; and

   d. In failing to design, engineer, manufacture, construct, or install the suspension system and/or other custom products contained within the RVs owned by JAYCO in such a way so as not to pose a fire hazard to any and all users of said recreational vehicles, including PATRICK INDUSTRIES and its employees.

42. That the design, engineering, manufacturing, construction, or installation defects alleged above were a substantial contributing cause of the fire and resulting property damage suffered by PATRICK INDUSTRIES.

8781895.1

43. That the property damage suffered by PATRICK INDUSTRIES was a reasonably foreseeable result of Defendant MORRYDE, its contractors, sub-contractors, agents, representatives, or employees' negligence.

44. As a direct and proximate result of Defendant MORRYDE, its contractors, sub-contractors, agents, representatives, and employees' negligence, PATRICK INDUSTRIES suffered a loss in the amount of $1,046,477.59 in damages caused by the fire.

45. TRAVELERS, as subrogee of PATRICK INDUSTRIES, is entitled to recover the amount it paid to PATRICK INDUSTRIES due to Defendant MORRYDE's negligence.

WHEREFORE, Plaintiff TRAVELERS prays that this Court enter judgment in its favor for its damages, with any pre-filing, pre-judgment and post-judgment interest, and all costs and fees as allowed by law.

## COUNT III - NEGLIGENCE
## (SPARTAN RV)

46. TRAVELERS restates and re-alleges the allegations set forth above.

47. The RVs owned by JAYCO and painted by PATRICK INDUSTRIES contained chassis designed, constructed, and manufactured by Defendant SPARTAN RV.

48. At all times relevant, SPARTAN RV, its contractors, sub-contractors, agents, representatives, and employees, had the obligation to exercise reasonable care, and to comply with the existing standards of care in their preparation, design, research, development, manufacture, inspection, labeling, marketing, and sale of the chassis contained within the RVs owned by JAYCO.

49. At all times relevant, Defendant SPARTAN RV, its contractors, sub-contractors, agents, representatives, and employees had a duty to warn PATRICK INDUSTRIES of the issues, risks, and dangers of chassis contained within the recreational vehicles owned by JAYCO which would be painted by PATRICK INDUSTRIES.

8781895.1

50. That based on what Defendant SPARTAN RV, its contractors, sub-contractors, agents, representatives, and employees knew or reasonably should have known, the chassis contained within the recreational vehicles owned by JAYCO were unreasonably dangerous and defective when they arrived at the Facility to be painted by PATRICK INDUSTRIES.

51. That based on what Defendant SPARTAN RV, its contractors, sub-contractors, agents, representatives, and employees knew or reasonably should have known, Defendant MORRYDE, its contractors, sub-contractors, agents, representatives, and employees deviated from principles of due care, deviated from the standard of care, and were otherwise negligent and careless in one or more of the following ways:

   a. In failing to conduct appropriate testing and studies necessary to determine that the chassis within the RVs owned by JAYCO were dangerous;

   b. In failing to instruct or warn PATRICK INDUSTRIES, its employees, and other similar entities that the safety of the chassis contained within the RVs owned by JAYCO had not been established for its intended use;

   c. In failing to proceed with due care and in accordance with standards and customs prevailing in its industry with respect to the design, engineering, manufacturing, construction, and installation of the chassis contained within the RVs owned by JAYCO and to be painted by PATRICK INDUSTRIES; and

   d. In failing to design, engineer, manufacture, construct, or install the chassis contained within the RVs owned by JAYCO in such a way so as not to pose a fire hazard to any and all users of said recreational vehicles, including PATRICK INDUSTRIES and its employees.

52. That the design, engineering, manufacturing, construction, or installation defects alleged above were a substantial contributing cause of the fire and resulting property damage suffered by PATRICK INDUSTRIES.

53. That the property damage suffered by PATRICK INDUSTRIES was a reasonably foreseeable result of Defendant SPARTAN RV, its contractors, sub-contractors, agents, representatives, or employees' negligence.

8781895.1

54. As a direct and proximate result of Defendant SPARTAN RV, its contractors, sub-contractors, agents, representatives, and employees' negligence, PATRICK INDUSTRIES suffered a loss in the amount of $1,046,477.59 in damages caused by the fire.

55. TRAVELERS, as subrogee of PATRICK INDUSTRIES, is entitled to recover the amount it paid to PATRICK INDUSTRIES due to Defendant SPARTAN RV's negligence.

WHEREFORE, Plaintiff TRAVELERS prays that this Court enter judgment in its favor for its damages, with any pre-filing, pre-judgment and post-judgment interest, and all costs and fees as allowed by law.

Dated: January 31, 2023

Respectfully submitted,

*/s/ W. Gregory Aimonette*
_____
W. Gregory Aimonette

W. Gregory Aimonette
CLAUSEN MILLER P.C.
10 S. LaSalle Street
Chicago, IL 60603
Telephone: 312-855-1010
Facsimile: 312-606-7777
Attorneys for Plaintiff

8781895.1

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing **Plaintiff's Complaint at Law** was filed through the EFC filing system.

/s/William G. Aimonette

8781895.1