UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 3:23-CV-86-CCB-SJF |
| JAYCO, INC., et al., | |
| Defendants. | |

**OPINION AND ORDER**

This insurance subrogation matter is before the Court on a motion by Third-Party Defendant Patrick Industries, Inc. seeking summary judgment on Defendant Jayco, Inc.'s Third-Party claim for indemnification against it. (ECF 60). Based on the applicable law, facts, and arguments, Patrick Industries' motion for summary judgment will be granted.

**I.   FACTUAL BACKGROUND**

*Preliminary Compliance Matter*

Patrick Industries' summary judgment filings did not comply with the requirements set forth in N.D. Ind. L.R. 56-1 regarding statements of material facts. Local Rule 56-1(a)(3) requires the party moving for summary judgment to separately file a Statement of Material Facts. Rather than file its Statement of Material Facts separately, Patrick Industries incorporated its Statement into its brief in support of the motion. (*See* ECF 61 at 3–4). Similarly, Patrick Industries incorporated its response to

Jayco's Statement of Additional Facts into its reply brief in violation of Local Rule 56-1(c)(2), which requires the separate filing of a "Reply to Statement of Additional Facts." (*See* ECF 76 at 3–4). Patrick Industries' Reply to Statement of Additional Facts also violated Local Rule 56-1(c)(2) because it did not include "a verbatim restatement of the Statement of Additional Material Facts; [and] a correspondingly numbered response immediately following each paragraph of the Statement of Additional Material Facts . . . ." These violations do not affect the outcome of this motion, but did increase the time and resources necessary for the Court to assess the relevant disputed and undisputed facts. The Court relies therefore on the factual statements filed in Jayco's Response to Patrick Industries' Statement of Material Facts and its own Statement of Additional Facts unless otherwise noted. (ECF 72).

The facts that follow are largely not in dispute. Any disputed facts are either not material or will be addressed in the analysis below.

*The Fire*

This lawsuit stems from a fire that occurred on March 19, 2021, at Patrick Industries' facility in Elkhart, Indiana. Patrick Industries' business involves painting of recreational vehicles ("RVs") for which it maintains and operates paint booths at its Elkhart facility. In March 2021, Patrick Industries was providing painting goods and services to Jayco, a subsidiary of Thor Industries, Inc., under an Agreement between Patrick Industries and Thor ("the Patrick/Thor Contract") that incorporated the Thor Purchasing Policies and Procedures. Several of Jayco's RV Units were in Patrick Industries' possession when the fire broke out on March 19th.

2

Patrick Industries employees had been applying clear coat to one of Jayco's RV Units in a paint booth shortly before the fire began and had left the RV Unit "baking" unattended while they performed other activities. The fire suppressant sprinkler system at or near the paint booth did not activate when the fire began and was still not fully active when the fire department arrived on scene. A fire department investigator later determined that the fire started in the paint booth containing a Jayco RV Unit, in or near the rear engine compartment. But the investigator could not determine the first fuel ignited; the ignition source; the ignition sequence that brought the first fuel ignited and the ignition source together; or the cause of the fire.

After the fire, Jayco worked with Patrick Industries to refurbish and resell the salvageable RV Units, and Patrick Industries agreed that Jayco would retain the proceeds from the sale of the RV Units. On November 18, 2021, Patrick Industries agreed to reimburse Jayco for certain costs to repair the RV Units and the loss in value of the RV Units when resold. On January 6, 2022, Patrick Industries paid Jayco $582,699 to cover Jayco's loss on the four burnt RVs.

At the time of the fire, Patrick Industries was insured by Plaintiff Travelers Property Casualty Company of America[1]. After the fire, Patrick Industries submitted a

---

[1] Patrick Industries does not cite evidence supporting this purported fact, or any fact related to its relationship with Travelers, in its briefing or its Statement of Material Facts as required by Fed. R. Civ. P. 56(c)(1) and N.D. Ind. L.R. 56-1(a)(3)(B). Patrick Industries cites only rhetorical paragraphs in Travelers' First Amended Complaint in support. (ECF 61 at 4). Jayco objects to the lack of proper citation but not to the asserted facts themselves. (ECF 72 at 4). Therefore, Patrick Industries' lack of compliance with the applicable rules does not require any finding or sanction under Fed. R. Civ. P. 56(e)(2) and N.D. Ind. L.R. 56-1(e) because the facts at issue are undisputed.

3

claim to Travelers for fire damage to its Elkhart facility. Under the insurance policy, Travelers compensated Patrick Industries for the fire damage to the facility.

*Procedural History*

On January 31, 2023, Travelers, as subrogee of Patrick Industries, initiated this lawsuit to recover monies paid out under the insurance policy related to the March 2021 fire. (ECF 1). The operative First Amended Complaint alleges negligence against Jayco, Defendant MORryde International, Inc., and Defendant The Shyft Group USA, Inc. d/b/a Spartan RV Chassis. (ECF 7). In response to the First Amended Complaint, Jayco filed its answer and affirmative defenses, including, but not limited to, comparative fault and intervening and superseding causes. (ECF 17 at 16). As to both affirmative defenses, Jayco alleges that Patrick Industries caused the fire damage in whole or in part. (*Id.*). Jayco also asserted indemnification claims against Travelers in a counterclaim and against Patrick Industries in a third-party complaint. (*Id.* at 21–22). Through both indemnification claims, Jayco invoked the Patrick/Thor Contract. The Contract contains an "Indemnity Clause" that provides:

> Indemnity. Supplier[2] will defend, indemnify, and hold Thor[3] harmless from and against any and all claims, demands, and/or causes of action seeking to recover any economic, property, personal injury and/or other damages incurred by or recovered from Thor predicated upon, arising out of or related to: (1) an alleged defect in the design, manufacture or assembly of any Product(s)[4] provided by Supplier to Thor; (2); an alleged

---

[2] The term "Supplier" is not defined in the Purchasing Policies and Procedures document designated by both parties. (ECF 61-2, 72-1). The Court infers from the parties' briefing that the term "Supplier" means Patrick Industries.

[3] As relevant here, the term "Thor" is defined as "Thor Industries, Inc. and each of Thor's current and future operating subsidiaries based in the United States, including those entities referenced at the bottom of this document . . . ." (ECF 61-2 at 2). Jayco is referenced at the bottom of the Purchasing Policies and Procedures document. (*Id.* at 9). Therefore, references in the Indemnity Clause to "Thor" include Jayco.

[4] "Product(s)" are defined to include Patrick Industries' "goods and services" collectively. (*Id.* at 2).

4

>failure to warn of a risk any such Product creates; (3) any recall pertaining to a condition or defect in any Product supplied to Thor by Supplier; (4) Supplier's breach of these Purchasing Policies and Procedures or of any warranty or representation given herein; (5) the acts, omission or violation of any law of or by Supplier or its Representatives in connection with providing Products to Thor and/or in the course of any business with Thor; (6) any injuries or damages claimed or sustained by Supplier's Representatives which on Thor's premises. Supplier must cooperate with Thor in the defense or settlement of any such claims, demands, and/or causes of action; and/or (7) a security incident and/or breach resulting in the unauthorized access of confidential, proprietary, and/or personal data (including that of a retail owner) caused in whole or in part by Supplier or Supplier's Product (including related software and services). This defense, indemnity, and hold harmless obligation includes holding Thor harmless from and against all attorney fees and litigation expenses as well as any expenses or costs incurred for any recall. For the avoidance of doubt, Supplier's obligations listed in this paragraph shall extend to Thor Industries, Inc., each of its current and future subsidiaries and affiliates, and their directors, officers, employees and agents.

(ECF 61-2 at 7).

On May 21, 2024, Patrick Industries filed the instant motion for summary judgment. In support, Patrick Industries designates as evidence Travelers' First Amended Complaint (ECF 7), Jayco's Counterclaim against Travelers and Third-Party Complaint against Patrick Industries (ECF 17), and the Patrick/Thor Contract (ECF 61-2). Patrick Industries argues that it is entitled to judgment as a matter of law on Jayco's third-party indemnification claim because the Contract does not require Patrick Industries to indemnify Jayco for Jayco's own negligence or require indemnity for first-party claims.

In response, Jayco contends that summary judgment is premature because the evidentiary record on Travelers' negligence claims and the defendants' defenses has not been fully developed through discovery and will decide its indemnification claim

5

against Patrick Industries. According to Jayco, the Court—or a jury—will need to allocate comparative fault for the fire between Jayco and Patrick Industries before Jayco's right to indemnification under the Contract can be assessed. Additionally, Jayco rejects Patrick Industries' suggestion that Travelers' negligence claim against Jayco amounts to a first-party claim between parties to the Contract. Jayco contends that Travelers does not become a "first-party" to the Contract just because Patrick Industries assigned certain rights to it through subrogation. In support, Jayco designates the Patrick/Thor Contract (ECF 72-1) as evidence along with the fire department's incident report (ECF 72-2), communications between Jayco and Patrick Industries regarding compensating Jayco for the four burnt RV Units (ECF 72-3), and a copy of the check to Jayco (ECF 72-4).

Patrick Industries' motion for summary judgment became ripe for review by this Court on July 12, 2024, when Patrick Industries' reply brief addressing Jayco's arguments was filed.

## II.   ANALYSIS

### A.   Summary Judgment Standard

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A "genuine issue" exists with respect to any material fact when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for

trial'," and summary judgment should be granted. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citing *Bank of Ariz. v. Cities Servs. Co.*, 391 U.S. 253, 289 (1968)).

To determine whether a genuine dispute of material fact exists, the court must review the record, construing all facts in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). "To defeat a motion for summary judgment, the non-moving party cannot rest on the mere allegations or denials contained in his pleadings, but must present sufficient evidence to show the existence of each element of its case on which it will bear the burden at trial." *Robin v. Espo Eng'g Corp.*, 200 F.3d 1081, 1088 (7th Cir. 2000) (internal quotations omitted), *overruled on other grounds by Ortiz v. Werner Enters., Inc.*, 834 F.3d 760 (7th Cir. 2016).

### B. Jayco's Indemnification Claim against Patrick Industries

Through this tort case, Travelers raises a negligence claim against Jayco[5] with the goal of recovering the amount it paid Patrick Industries for the fire damage at the Elkhart facility in March 2021. (ECF 7 at 4–6). Travelers makes no other claims against Jayco. Therefore, Jayco's liability for the fire damage, whether in whole or in part, is the sole focus of Travelers' lawsuit against Jayco. In response, Jayco denies Travelers' allegations and asserts affirmative defenses of comparative fault and intervening causes based in part on Patrick Industries' negligence and actions. (ECF 17 at 16). As a result,

---

[5] Travelers' parallel negligence claims against Defendants MORryde International and The Shyft Group (ECF 7 at 6–9) are irrelevant here because MORryde and Shyft are not parties to the Patrick/Thor Contract and the Indemnity Clause at issue in Patrick Industries' instant motion for summary judgment.

7

Patrick Industries' liability will help determine how much liability, if any, Jayco will bear. But Jayco's defenses and denials do not alter the nature of Travelers' negligence claim no matter how liability is ultimately apportioned. *See Molnar v. Mittal Steel USA, Inc.*, No. 207-CV-241-TS, 2010 WL 746757, at *8 (N.D. Ind. Mar. 1, 2010). Therefore, the allegations against Jayco in Traveler's complaint require Jayco to defend against its own negligence, not Patrick Industries', and cannot result in a judgment that Patrick Industries would be obligated to pay.

With that said, Travelers' lawsuit does not diminish or negate the contractual duties and rights of Patrick Industries and Jayco arising from the Patrick/Thor Contract. As relevant here, the Indemnity Clause in the Contract establishes Patrick Industries' duty as the "Supplier" to defend, indemnify, and hold Jayco harmless for damages incurred by or recovered from Jayco in seven specified situations and includes "holding [Jayco] harmless from and against all attorney fees and litigation expenses . . . ." (ECF 61-2 at 7). In its third-party complaint against Patrick Industries, Jayco invokes the Indemnity Clause and explicitly seeks "indemnification from Patrick Industries for any losses and expenses, including any award of damages against Jayco as well as attorneys' fees and litigation expenses, sustained by Jayco as a result of claims asserted against it in [the Travelers'] action."[6] (ECF 17 at 22).

In the instant motion for summary judgment, Patrick Industries asks the Court to resolve Jayco's indemnification claim against it as a matter of law based on an

---

[6] Jayco's counterclaim against Travelers, which seeks indemnification based on the same Indemnity Clause, is not considered here because it is not the subject of Patrick Industries' instant motion for summary judgment. (ECF 17 at 21–22).

8

interpretation of the Indemnity Clause in the Contract. Jayco acknowledges the contractual nature of its indemnification claim but contends that the indemnification claim cannot be resolved until the factual determination of the cause and origin of the fire is completed and fault is allocated among the relevant parties, including Patrick Industries and Jayco. Jayco's emphasis on the allocation of fault in deciding the contractual indemnification claim is misplaced.

To start, there is no dispute that both Patrick and Jayco are subject to the Indemnity Clause based on the contractual relationship established in the Patrick/Thor Contract. There is no dispute that interpretation of the Patrick/Thor Contract, including the Indemnity Clause, is a question of law. See *L.H. Controls, Inc. v. Custom Conveyor, Inc.*, 974 N.E.2d 1031, 1047 (Ind. Ct. App. 2012). Summary judgment could be appropriate on an indemnification claim arising from the Patrick/Thor Contract if the relevant terms within the Indemnity Clause are stated sufficiently "clear and straightforward." See *IP of A W. 86th St. 1, LLC v. Morgan Stanley Mortg. Cap. Holdings, LLC*, 686 F.3d 361, 367 (7th Cir. 2012) (citation omitted). Summary judgment would not be appropriate, however, if any of the relevant contract terms are ambiguous because ambiguity demonstrates factual issues about the intent of the parties to the Contract, which are to be decided by a trier of fact. See *id.*

Indemnity agreements are promises from one party (the indemnitor) "to reimburse another party (the indemnitee) for the indemnitee's loss, damage, or liability, thereby shifting the financial obligation to pay damages from the indemnitee to the indemnitor." *Molnar*, 2010 WL 746757, at *6 (citing *Mead Johnson & Co. v. Kenco Group,*

9

*Inc.,* 899 N.E.2d 1, 3 (Ind. Ct. App. 2009); *Henthorne v. Legacy Healthcare, Inc.,* 764 N.E.2d 751, 756 (Ind. Ct. App. 2002); *Ozinga Transp. Sys., Inc. v. Mich. Ash Sales, Inc.,* 676 N.E.2d 379, 386 (Ind. Ct. App. 1997)). Like contract language generally, indemnity clauses are given their plain and ordinary meaning so long as the language of the clause is clear and unambiguous. *Mead Johnson,* 899 N.E.2d at 3. An indemnity agreement is construed "to cover all losses and damages to which it reasonably appears the parties intended it to apply." *Id.* (quoting *Zebrowski & Assocs., Inc. v. City of Indianapolis,* 457 N.E.2d 259, 261 (Ind. Ct. App. 1983)).

Yet indemnification clauses are generally disfavored. "[O]bligat[ing] one party to pay for the negligence of the other party is a harsh burden which a party would not lightly accept." *Moore Heating & Plumbing, Inc. v. Huber, Hunt & Nichols,* 583 N.E.2d 142, 145 (Ind. Ct. App. 1991). Therefore, "a party may contract to indemnify itself against its own negligence only if the other party *knowingly* and *willingly* agreed to indemnify." *Id.* (emphasis in original). The terms of an indemnification clause must be clear and unequivocal, defining not only "the area of application, that is, negligence, but also defin[ing] the cause of damages in terms of physical or legal responsibility, that is, to whom the clause applies." *Id.*

Before considering the specific language of the Patrick/Thor Indemnity Clause, the procedural context of Jayco's third-party indemnification claim against Patrick Industries is important to understand. "The obligation to indemnify does not arise until the party seeking indemnity suffers loss or incurs damages." *Essex Grp., Inc. v. Nill,* 594 N.E.2d 503, 507 (Ind. Ct. App. 1992). "This may occur when the party seeking

indemnity 1) pays the underlying claim; 2) pays judgment on the underlying claim; or 3) tenders payment in settlement of the underlying claim." *Id.*; *see also Henthorne,* 764 N.E.2d at 758 (holding that a promise to indemnify against "liability, loss, cost or expenses" was not triggered because the party seeking indemnity had not paid the underlying claim or demonstrated that its liability had become fixed).

      Here, the Indemnity Clause has yet to be triggered. So far, Jayco has not paid anything to anyone regarding the fire damage at Patrick Industries. Neither Jayco's nor Patrick Industries' liability for the fire damage has become fixed. As a result, Jayco has not incurred any damages, attorney fees, or litigation expenses attributable to its liability for the fire damage or any of the seven circumstances specified in the Indemnity Clause. Patrick Industries' duty to defend, indemnify, and hold Jayco harmless might be triggered based on Travelers' negligence claim against Jayco if (1) the Indemnity Clause clearly and unequivocally provides for indemnification of Jayco based on its own negligence at issue in this lawsuit, and (2) Travelers succeeds in any way on its negligence claim against Jayco thereby establishing Jayco's fixed liability and any related losses and expenses, including attorney fees and litigation expenses. *See Essex Group, Inc.,* 594 N.E.2d at 507; *Henthorne,* 764 N.E.2d at 758; *see also Moore Heating & Plumbing, Inc.,* 583 N.E.2d at 145.

      Therefore, Patrick Industries is entitled to summary judgment if there is no outcome in Travelers' negligence claim against Jayco that would obligate Patrick Industries to indemnify Jayco for its own negligence under the Indemnity Clause. *Cf.*

11

*Molnar*, 2010 WL 746757, at *9[7]. Jayco's and Patrick Industries' liability for the fire damage is the ultimate issue in Travelers' negligence claim against Jayco and is a factual issue that cannot be decided here on summary judgment. Thus, the key question in deciding Patrick Industries' motion for summary judgment becomes whether the Indemnity Clause "clearly and unequivocally" provides that Patrick Industries must indemnify Jayco for losses and expenses arising from Jayco's own negligence. *See Moore Heating & Plumbing, Inc.*, 583 N.E.2d at 145.

Little analysis of the language of the Indemnity Clause is required because neither Patrick Industries nor Jayco suggests that the Clause establishes any duty for Patrick Industries to "defend, indemnify, or hold [Jayco] harmless" for Jayco's own negligence. In its summary judgment brief, Patrick Industries expressly asserts the opposite—that the Indemnity Clause does not require indemnification of Jayco for Jayco's own negligence. (ECF 61 at 9). In response, Jayco explicitly says that it "does not dispute that the Indemnification Clause in the Contract do[es] not contemplate, unequivocally or otherwise, that Patrick Industries must indemnify Jayco for damages caused solely by Jayco's own negligence." (ECF 73 at 6). Based on the Court's own review of the Indemnity Clause and the agreement of Patrick Industries and Jayco, as parties to both Jayco's third-party indemnification claim and the Patrick/Thor Contract,

---

[7] Jayco attempts to distinguish *Molnar* asserting that unlike this case, "there was no allegation by either the plaintiff or the indemnitee that the indemnitor's negligence contributed to the harm in any way." (ECF 73 at 8). No such distinction exists as the Court in *Molnar* explicitly cited to the indemnitee's answer and third-party complaint "asserting that it was not at fault and that [the plaintiff] and non-parties, including the indemnitor, [were] at fault." *Molnar*, 2010 WL 746757, at *7.

12

the meaning of the Indemnity Clause is unambiguous and does not obligate Patrick Industries to indemnify Jayco for Jayco's own negligence.

Despite this agreement on the meaning of the Indemnity Clause, Jayco argues that its indemnification claim against Patrick Industries cannot be decided until liability is finally allocated through Travelers' lawsuit. At a minimum, Jayco contends that it would be entitled to indemnification of its attorney fees and litigation expenses should Patrick Industries be found liable in whole or in part for the fire damages. Patrick Industries disagrees arguing that the Indemnity Clause does not require indemnity for first-party claims—in other words, claims between Patrick and Jayco as parties to the Patrick/Thor Contract. Patrick Industries asserts that Travelers' negligence claim against Jayco is a first-party claim because Travelers is bringing the suit as a subrogee of Patrick Industries and is therefore considered one and the same as Patrick Industries for purposes of this lawsuit. Jayco interprets the applicable subrogation principles differently and contends that its indemnification claim against Patrick Industries seeks coverage of liabilities asserted against Jayco by a third party, namely Travelers.

To determine whether Patrick Industries will be obligated to indemnify Jayco for any allocation of fault against Patrick Industries in this lawsuit depends on the Indemnity Clause itself and its applicability to first-party and third-party claims. "The generally accepted legal understanding of indemnity clauses is that they cover specified liabilities of the indemnitee *to third-parties*." *Polycon Indus., Inc. v. R&B Plastics Mach., LLC*, No. 2:19CV485-PPS/JPK, 2023 WL 2967974, at \*10 (N.D. Ind. Apr. 17, 2023) (emphasis in original) (citing *Flaherty & Collins, Inc. v. BBR-Vision I, L.P.*, 990 N.E.2d 958,

13

967 (Ind. Ct. App. 2013); *L.H. Controls, Inc.*, 974 N.E.2d at 1047). "Indiana strictly construes indemnification clauses and 'the intent to indemnify must be stated in clear and unequivocal terms.'" *Id.* (quoting *Fresh Cut, Inc. v. Fazli*, 650 N.E.2d 1126, 1132 (Ind. 1995)). First-party indemnification—"one party agreeing to indemnify the other party for first-party claims arising between those parties"—is possible, but only if the indemnification provision in the parties' contract includes language that plainly expresses such an intention. *Id.* (quoting *Flaherty*, 990 N.E.2d at 967).

The Indemnity Clause states that Patrick Industries' indemnification obligation stems from "any and all claims, demands, and/or causes of action seeking to recover any economic, property, personal injury and/or other damages incurred by or recovered from Thor . . . ." (ECF 61-2 at 7). The parties clearly and unequivocally intended for Jayco, a subsidiary of Thor, to retain the same rights under the Clause as Thor as reflected by the final sentence of the Clause, which reads: "For the avoidance of doubt, [Patrick Industries'] obligations listed in this paragraph shall extend to Thor Industries, Inc., each of its current and future subsidiaries and affiliates, and their directors, officers, employees and agents." (*Id.*). The language of the Indemnity Clause is also very clear as to the seven situations that could be the predicate of those "claims, demands, and/or causes of action." The Clause, however, does not specify whose "claims, demands, and/or causes of action" would be the source of Patrick Industries' duty to defend, indemnify, or hold Jayco harmless. So while the Indemnity Clause does not exclude the possibility of indemnification of Jayco based on a first-party claim, it does not "clearly and unequivocally" express Patrick Industries' and Jayco's intent to

14

establish any right to indemnification through first-party claims between them. Thus, the four corners of the Patrick/Thor Contract, specifically the Indemnity Clause, do not provide for indemnification of first-party claims. *See Polycon Indus., Inc.*, 2023 WL 2967974, at *10. Accordingly, Jayco could only be entitled to indemnification for attorney fees and litigation expenses if Travelers' negligence claim against it constitutes a third-party claim rather than a first-party claim.

Patrick Industries argues that Travelers' claim is a first-party claim because Travelers brings the negligence claim against Jayco as subrogee of Patrick Industries. Jayco, on the other hand, contends that Travelers' claim is a third-party claim. After outlining basic subrogation principles, Jayco asserts that Travelers is "simply a third party who has acquired a right to sue for Patrick Industries' damages 'arising out of' the Fire and now has brought claims against Jayco to recover those damages." (ECF 73 at 13). Jayco further suggests that Patrick Industries, a party to the Patrick/Thor Contract, assigned its right to sue Jayco to Travelers as a "third-party subrogee" and that this "assignment" does not make Travelers a first-party to the Patrick/Thor Contract. The effect of subrogation on the relationship between Patrick Industries and Travelers is the determinative issue on whether Travelers' claims is a third-party claim for purposes of the Indemnity Clause.

Subrogation is the "substitution of one person in the place of another with reference to a lawful claim . . . so that he who is substituted succeeds to the rights of the other in relation to the . . . claim, and its rights, remedies, or securities." *Federated Mut. Ins. Co. v. Kosciusko Cnty., Ind.*, No. 3:20-CV-960 DRL-MGG, 2021 WL 1851653, at *2

(N.D. Ind. May 10, 2021) (quoting *Emps. Ins. of Wausau v. James McHugh Constr. Co.*, 144 F.3d 1097, 1105 (7th Cir. 1998)). "When an insurer claims a right through subrogation, it stands in the shoes of the insured and takes no rights other than those which the insured had." *Farm Bureau Ins. Co. v. Allstate Ins. Co.*, 765 N.E.2d 651, 656 (Ind. Ct. App. 2002), *aff'd on reh'g*, 770 N.E.2d 859 (Ind. Ct. App. 2002). Third-party complaints against subrogors in subrogated claims serve no legal purpose because the third-party plaintiff's claims against the subrogor may be treated as defenses to the subrogee's claims. *Federated Mut. Ins. Co.*, 2021 WL 1851653, at *2 (collecting cases from other federal district courts); *accord, e.g.*, *USAA Cas. Ins. Co. v. Metro. Edison Co.*, Civil Action No. 1:12-CV-1178, 2013 WL 2403309, at *3 (M.D. Pa. May 31, 2013) (finding that a third-party complaint for indemnification against the insured subrogor failed to state a claim against the subrogor because the claim could only be asserted as a defense to the subrogee insurer's claim).

In this case, Travelers "stands in the shoes" of Patrick Industries for purposes of Travelers' negligence claim against Jayco—a fact that Jayco does not seem to dispute. As a result, Travelers and Patrick Industries essentially collapse into a single party for purposes of the negligence claim, including any defenses to it. While Jayco may have contractual rights arising from the Patrick/Thor Contract that are unrelated to Travelers' negligence claim, Jayco's indemnification rights—to the extent that they exist under the Contract–are invoked here in defense of the subrogated negligence claim. Therefore, Jayco's indemnification claim arises from the "first-party" claim of negligence by Travelers, substituted for Patrick Industries through subrogation.

16

Jayco presents no authority to overcome these well-established subrogation principles or to support a finding that Travelers' negligence claim is a third-party claim covered by the Indemnity Clause. Therefore, any right to even attorney fees and litigation expenses in the Indemnity Clause is foreclosed in this case. This outcome is consistent with "[t]he general rule in Indiana, and across the country, . . . that each party pays its own attorney's fees; and a party has no right to recover them from the opposition unless it first shows they are authorized." *River Ridge Dev. Auth. v. Outfront Media, LLC*, 146 N.E.3d 906, 912 (Ind. 2020).

As a result, Jayco has established no genuine dispute of material fact. The Indemnity Clause does not provide for indemnification of Jayco for Jayco's own negligence or cover indemnification for first-party claims like Travelers' negligence claim against Jayco. There is therefore no path of success for Jayco on its indemnification claim against Patrick Industries, and Patrick Industries is entitled to judgment as a matter of law on Jayco's indemnification claim.

### III. CONCLUSION

For the reasons stated above, Patrick Industries' motion for summary judgment is **GRANTED**. (ECF 60). Jayco's third-party claim for indemnification is dismissed. (ECF 17 at 22).

Lastly, Defendant MORryde International filed its Objection to Patrick Industries, Inc.'s Dismissal (and Its Request to Preserve Nonparty Defense) pursuant to *Rausch v. Reinhold*, 716 N.E.2d 993, 1001 (Ind. Ct. App. 1999) on June 18, 2024. (ECF 70). With its timely objection and request to retain Patrick Industries as a nonparty for

purposes of properly allocating comparative fault for the fire damages, MORryde has preserved its right to assert a nonparty defense as to Patrick Industries. *See id.* at 1001–02; *cf. Henderson v. Prerovsky*, No. 1:08-cv-0717-DFH-DML, 2009 WL 1311095, at *1 (S.D. Ind. May 11, 2009).

SO ORDERED on March 26, 2025.

                                               /s/*Cristal C. Brisco*
                                              CRISTAL C. BRISCO, JUDGE
                                              UNITED STATES DISTRICT COURT